UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NOE RUELAS, | Case No. 5:14-cv-02474-PSG |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS IN-PART** |
| v. | |
| COSCTCO WHOLESALE CORPORATION, et al., | **(Re: Docket No. 8)** |
| Defendants. | |

California's Labor Code has long authorized its labor law enforcement agencies, departments and divisions to assess and collect civil penalties for code violations by an employer.[1] A decade ago, the Governor signed the Labor Code Private Attorneys General Act of 2004 ("PAGA") to permit private, and not just public, enforcement. "An aggrieved employee [may] invoke a private civil action on behalf of himself or herself and other current or former employees to recover civil penalties if the LWDA [Labor and Workforce Development Agency] does not do so. The penalties collected in these private civil actions are to be distributed 75 percent to the

---

[1] *See, e.g.,* Cal. Lab. Code §§204, 210 and 1197.5; *see generally Caliber Bodyworks, Inc. v. Superior Court*, 34 Cal. App. 4th 365, 370 (2005).

1
Case No. 5:14-cv-02474-PSG
ORDER GRANTING MOTION TO DISMISS IN-PART

estate and 25 percent to the aggrieved employee."[2]  PAGA also expanded the penalties for labor code violations and authorized private enforcement of these expanded penalties.

Invoking these private enforcement rights under PAGA, Plaintiff Noe Ruelas filed this case against Defendant Costco Wholesale Corporation and Does 1 through 10 ("Costco") for giving him a defective final pay statement and failing to provide meal periods.[3]  Costco now moves to dismiss.  The court GRANTS the motion as to all of Ruelas's claims except Ruelas's claim for violation of Section 512 of the California Labor Code and recovery under Section 2699(f) of PAGA, which survives.

## I.  BACKGROUND[4]

On March 6, 2014, Ruelas was fired from his job with Costco in Monterey County, California.  On that day, Costco gave Ruelas a corporate check with a detachable part that did not identify the inclusive dates of the pay period or Ruelas's name.  The entire check was, however, stapled to a separate document that identified both items.[5]

During Ruelas's nearly seven years with Costco, Costco frequently failed to provide employees meal periods, although Costco paid the employees an extra hour of pay as mandated by Section 226.7(c).[6]

---

[2] *Id.*

[3] *See* Docket No. 1-1, Exhibit A.

[4] Unless otherwise indicated, all background facts come from Ruelas' complaint.  *See* Docket No. 1-1, Exhibit A.

[5] *See* Docket No. 8.

[6] *See* Cal. Labor Code §226.7(c) ("If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the mal or rest or recovery period is not provided").

2
Case No. 5:14-cv-02474-PSG
ORDER GRANTING MOTION TO DISMISS IN-PART

In a complaint initially filed in Monterey Superior Court,[7] Ruelas first claims Costco violated Section 226(a) by failing to provide a compliant itemized statement as a "detachable part of the check, draft, or voucher."[8]  Ruelas's second claim comprises a variety of subclaims.  Ruelas claims Costco's failure to provide legally compliant itemized pay statements not only gives rise to payments under 226.7(c) but also payments and penalties under Sections 226(e),[9] 226.3, and PAGA, specifically Section 2699(a).[10]  Ruelas also claims Costco's failure to provide meal periods violated Sections 226.7(b),[11] giving rise to additional penalties under Section 2699(a).  Ruelas finally claims Costco's failure to provide meal periods violated Section 512,[12] giving rise to

---

[7] The suit was removed to this court pursuant to 28 U.S.C. §§ 1441, 1446 and 1332.

[8] *See* Cal. Lab. Code § 226(a) ("Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing . . . (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.").

[9] *See* Cal. Lab. Code § 226(e) ("(1) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.").

[10] *See* Cal. Lab. Code § 2699(a) ("Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.").

[11] *See* Cal. Lab. Code § 226.7(b) ("An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.").

[12] *See* Cal. Lab. Code § 512(a) ("An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.  An employer

3
Case No. 5:14-cv-02474-PSG
ORDER GRANTING MOTION TO DISMISS IN-PART

penalties under both Section 2699(f)[13] and Section 558.[14]  In sum, for violations of Sections 226(a), 226.7(b), and 512, Ruelas initially sought payments and penalties pursuant to Sections 226(e), 226.3,[15] 558, 2699(a), and 2699(f) as well as reasonable attorney's fees.  Ruelas later disavowed any claims based on Sections 226.3 and 558.[16]

## II.   LEGAL STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[17]  If a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[18]  A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19]

---

may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second mean period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.").

[13] *See* Cal. Lab. Code § 2699(f) ("For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: (1) If, at the time of the alleged violation, the person does not employ one or more employees, the civil penalty is five hundred dollars ($500).  (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.  (3) If the alleged violation is a failure to act by the Labor and Workplace Development Agency, or any of its departments, divisions, commissions, boards, agencies, or employees, there shall be no civil penalty.").

[14] *See* Cal. Lab. Code § 558 (providing civil penalties for hour and wage violations).

[15] Cal. Lab. Code § 226.3 (providing civil penalties for employer failure to provide employee a wage deduction statement or keep employee records).

[16] *See* Docket No. 11.

[17] Fed. R. Civ. P. 8(a)(2).

[18] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

4
Case No. 5:14-cv-02474-PSG
ORDER GRANTING MOTION TO DISMISS IN-PART

Accordingly, under Fed. R. Civ. P. 12(b)(6), which tests the legal sufficiency of the claims alleged in the complaint, "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[20]  "A formulaic recitation of the elements of a cause of action will not do."[21]

On a motion to dismiss, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[22]  The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[23]  However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[24] "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."[25]

### III.  DISCUSSION

#### A.    Ruelas Fails to Plead a Violation of Section 226(a)

Ruelas first seeks a $50 Section 226(e) payment for a violation of Section 226(a) based on the detachable portion of his final paycheck, which fails to state his name and the first day of the pay period.  Section 226(a) requires a compliant itemized statement "either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash."  Ruelas does not dispute that stapled to that paycheck and detachment

---

[20] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[21] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[22] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[23] *See id.* at 1061.

[24] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[25] *Eminence Capital, LLC v. Asopeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

5
Case No. 5:14-cv-02474-PSG
ORDER GRANTING MOTION TO DISMISS IN-PART

was an itemized statement containing both Ruelas's name and the beginning date of the pay period,[26] but nevertheless contends Costco was obligated to provide the information on the detachment because the check was corporate and not personal.[27]

The Labor Commissioner has confirmed that Section 226(a)'s purpose is to allow the continued use of detachable pay stubs but not require them: "in the context of the entire subsection it appears to allow for the continued use of the convenient and traditional 'pay stub' alternative to a separate statement in writing."[28] Given the Labor Commissioner's clarification of the purpose of Section 226(a) and, more fundamentally, the court's own reading of the plain language of the statute, there is no plausible dispute that Costco complied with Section 226(a)'s requirements when it provided a corporate check stapled to an itemized statement. The purpose of the section was plainly satisfied: Ruelas was told in no uncertain terms both the pay period and his name. So, too, was the plain language of the section: nothing suggests that a corporate check does not qualify as a personal check of the company in this circumstance. To hold otherwise would be to elevate form over substance in the rankest way. Because Ruelas received a compliant wage statement, he fails

---

[26] *See* Docket No. 8-1 at 6, 12.

[27] *See* Docket No. 11 at 2.

[28] According to a July 6, 2006 memorandum from Robert A. Jones, Acting State Labor Commissioner and Chief Counsel for the Division of Labor Standards Enforcement:

> "The purpose of the wage statement requirement is to provide transparency as to the calculation of wages. . . . As an electronically stored wage statement which is accessible by an employee may be read on a screen or printed and read as a hard copy, it appears to qualify as a 'statement in writing.' Section 226(a) provides that an employee being paid with a payroll check be provided a wage statement as a 'detachable part of the check.' While the reference to 'detachable part of the check' is susceptible to an interpretation that a 'hard copy' may be required, in the context of the entire subsection it appears to allow for the continued use of the convenient and traditional 'pay stub' alternative to a separate statement in writing. . . . The Division in recent years has sought to harmonize the detachable part of the check' provision and the 'accurate itemized statement in writing' provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statement into hard copies at no expense to the employee."

6
Case No. 5:14-cv-02474-PSG
ORDER GRANTING MOTION TO DISMISS IN-PART

to state a claim for injury under Section 226(a),[29] and his claim for Section 226(e) payments must be dismissed.  Because Costco provided a compliant wage statement, Ruelas also does not state a claim for inadequate wage statement penalties under Section 2699(f).[30]

**B.     Ruelas Fails to Plead a Claim for Penalties Based on a Violation of Section 226.7(b)**

The parties do not dispute that Costco violated Section 226.7(b) by failing to respect Ruelas and others' meal periods.  They also do not dispute that Section 226.7(c) specifies an extra hour of pay for each violation of Section 226.7(b), and Costco paid these amounts to Ruelas.  What is disputed, however, is whether these amounts are "civil penalties" provided by the Labor Code so as to preclude Ruelas's claim here.  Section 2699(f) allows an individual to seek relief when a section of the Labor Code has been violated, but only where the Code provides no civil penalties.[31]

Ruelas argues Section 226.7(c) is not a civil penalty for the purposes of Section 2699(f) because the payment is paid to an individual employee rather than the Labor Commissioner.[32]  Ruelas justifies the potential double payment by noting that a failure to provide meal periods harms the state as well as the individual because it jeopardizes public safety.[33]  Costco responds that

---

[29] Cal. Lab. Code § 226(e)(2)(A) ("An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement.").

[30] *See e.g. Rodriguez v. Old Dominion Freight Line, Inc.,* Case No. 13-cv-891-DSF-RZX, 2013 WL 6184432 at *8 (C.D. Cal. 2013) ( "As those claims have all been dismissed, they cannot serve as the basis of Plaintiffs' PAGA claim."); *Jones v. Spherion Staffing LLC*, 2012 WL 3264081 at *10 (C.D. Cal. 2012) (dismissing derivative PAGA claims when underlying allegations were dismissed); *Jasper v. C.R. England, Inc.*, Case No. 08-cv-5266-GW-CWX, 2012 WL 7051321, at *9 (C.D. Cal. 2012) ("Defendant is also entitled to judgment as a matter of law as to Plaintiffs' derivative [PAGA] claims.").

[31] *See* Cal. Lab. Code § 2699(f).  Section 2699(f) does not create penalties for Labor Code sections "for which a civil penalty is specifically provided."

[32] *See* Docket No. 11 at 5.

[33] *Murphy* at 40 Cal. 4th at 1113 (1997) ("employees denied rest and meal periods face greater risk of work-related accidents and increased stress, especially low wage workers who often perform manual labor.").

7
Case No. 5:14-cv-02474-PSG
ORDER GRANTING MOTION TO DISMISS IN-PART

California case law uses the terms "civil penalty" and "statutory penalty" interchangeably,[34] and in no way distinguishes between the two for purposes of Section 2699(f). Costco further notes that Section 226.7(c) payments are recoverable by the Labor Commissioner,[35] undermining any notion that they are any less a civil penalty when paid directly to an employee.

Costco has the better of the argument. An additional hour of pay to employees who do not receive the meal period required by Section 226.7(b) is plainly a "civil penalty" for purposes of precluding a private suit under Section 2699(f). This court has previously explained that when "the wrong at issue in Section 226.7 is the non-provision" of meal periods, the case falls under the California Supreme Court's "characterization of Section 226.7's payment as penalties."[36] Indeed, as the Enrolled Bill Report for AB 2509, the statute creating Section 226.7(c) penalties, explains, Section 226.7(c) payments for meal-period violations were created because "[n]either Labor Code § 512 [or § 558] nor the IWC orders contain penalties for violation of [meal-period] provisions."[37]

---

[34] *See, e.g., Arias*, 46 Cal. 4th at 986 ("The act authorizes a representative action only for the purpose of seeking *statutory penalties* for Labor Code violations, and an action to recover *civil penalties* is fundamentally a law enforcement action.").

[35] *See, e.g., Hanson Aggregates Mid-Pac., Inc. v. Department of Indus. Relations*, Case No. B171264, 2004 WL 2904415, at *1 (2004) (addressing Section 226.7 claims brought by Labor Commissioner); *see also Mills v. Superior Court*, 38 Cal. Rptr. 3d 497, 501 (2006), *review granted and opinion superseded in Mills v. Superior Court (Bed, Bath & Beyond)*, 132 P.3d 1166 (2006) (explaining Section 226.7(c) penalties are recoverable by the Labor Commissioner and the Legislature eliminated the language providing for a private right of action by the employee to recover the additional hour of penalty pay; "Once in the Senate, however, the penalty provisions of the bill were conflated into one payment: the employer would be liable to the employee for one additional hour of wages for the workday, regardless of the amount of break time actually worked. The Senate also eliminated language providing for a private right of action by the employee to recover the additional payment.").

[36] *Singletary v. Teavana Corp.*, Case No. 5:13-cv-01163-PSG, 2014 WL 1760884, at *4 (N.D. Cal. Apr. 2, 2014) (citing *Kirby v. Immoos Fire Prot., Inc.*, 53 Cal. 4th 1244 (2012)); *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094 (2007), at 1109-10 (explaining the legislative history of section 226.7 described the additional hour of pay under Section 226.7(c) "as a 'penalty,' explaining that it was needed to help force employers to provide meal and rest periods").

[37] RJN, Ex. A (Form DF-43, Department of Finance Enrolled Bill Report Deferred to Department of Industrial Relations, Bill No. AB 2509), at 9 ("Adding a penalty component to the Labor Code

8
Case No. 5:14-cv-02474-PSG
ORDER GRANTING MOTION TO DISMISS IN-PART

The Labor Commission also recognizes Section 226.7(c) payment as a penalty to encourage employer compliance with the meal-period laws:

> The legislative history of Labor Code section 226.7 clearly indicates that the payment was meant to be a penalty. The payment provision of Labor Code section 226.7 was enacted as part of Assembly Bill 2509 of the 1999-2000 Regular Session of the California Legislature. The Assembly Floor Analysis of AB 2509 as amended on August 25, 2000, demonstrates that the Legislature intended to create a penalty. Specifically, in the description of the Senate amendments to AB 2509, section 4 states that the amendments "Delete the provisions related to penalties for an employer who fails to provide a meal or rest period, and instead codify the lower penalty amounts adopted by the Industrial Welfare Commission." In enacting Labor Code section 226.7, the Legislature deleted the provisions specifying a higher penalty amount for meal and rest period violations and utilized a lower amount, which was acknowledged as a penalty in the bill analysis. In addition, the language of the payment provision ultimately enacted by the Legislature was taken largely from the Industrial Welfare Commission's Wage Orders. As the June 2000, minutes of the Industrial Welfare Commission demonstrate, the intent of the Commission in enacting that provision was that the one hour of pay be classified as a penalty.[38]

In sum, because Section 226.7(c) provides a civil penalty, Ruelas cannot recover under Section 2699(f) and this claim must be dismissed. Any other outcome would provide a windfall that the California legislature neither intended nor provided.

**C.   Ruelas Successfully Pleads a Claim for Inadequate Meal Periods Under Sections 512 and 558**

By failing to provide inadequate meal periods, Costco also is alleged to have violated Section 512. Section 558 provides civil penalties for Section 512 violations, but its penalties focus

---

will support the underlying purpose of meal periods by encouraging employers to comply with the meal period provisions. Without the proposed provisions there is no effective enforcement of current law.").

[38] *See* RJN, Ex. B (Initial Statement of Reasons for Cal. Code. Regs. Tit. § 13700 (Proposed Draft 2004)). *See also Home Depot U.S.A., Inc. v. Superior Court*, 191 Cal. App. 4th 210, 223-24 (2010) (explaining PAGA's purpose: "Labor Code violations rarely result in criminal investigations and prosecutions [and] employers may violate the law with impunity…. [P]rivate actions to enforce the Labor Code are needed because LWDA simply does not have the resources to pursue all of the labor violations…. The bill would authorize civil penalties for any Labor Code violation currently lacking a specific penalty provision and authorizes aggrieved employees to bring private civil actions against employers.") (quoting Assem. Com. on Appropriations, Bill Analysis, Sen. Bill No. 796 (2003-04 Regular Session), as amended July 16, 2003, at 2).

9
Case No. 5:14-cv-02474-PSG
ORDER GRANTING MOTION TO DISMISS IN-PART

on wage and hour violations rather than meal period violations.[39] There is no civil penalty in the Labor Code that corresponds to violations of Section 512 meal periods.

Costco nevertheless argues a penalty for violations of Section 512 is already specifically provided for in Section 558, so as to preclude penalties under Section 2699(f).[40] According to Costco, because Section 558 only specifies a civil penalty for wage and hour Section 512 violations, the Section specifies that meal period penalties are set at $0.[41] But nothing in the language of Section 558 sets out any penalty for meal period violations as such, and Costco cites to no case suggesting the legislature's omission of any reference to meal period violations in the Section should be so interpreted. The court further cannot square Costco's argument that Section 558 exhausts the field and precludes recovery under Section 2699(f) with Section 2699(f)'s plain objective of providing a penalty where none otherwise exists.[42] Because Section 558 does not apply, and there are no civil penalties in the Labor Code applicable to meal period violations under Section 512, Ruelas is entitled to pursue PAGA relief under Sections 2699(f) and 2699(g). Costco's motion to dismiss on this claim must be denied.

---

[39] *See* Docket No. 11 at 5; Request for Judicial Notice ("RJN"), Ex. A (Form DF-43, Department of Finance Enrolled Bill Report Deferred to Department of Industrial Relations, Bill No. AB 2509), at 9 ("Labor Code § 558 provides for the imposition of penalties against an employer who violates a section of the chapter containing § 512, however, the penalties specified apply to the underpayment of wages and not to meal or rest period violations.").

[40] *See* Docket No. 8 at 12.

[41] Cal. Lab. Code § 558 ("Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter [including Section 512] . . . shall be subject to a civil penalty as follows."). *See also Thurman v. Bayshore Transit Mgmt., Inc.*, 203 Cal. App. 4th 1112, 1147 (2012) ("entire remedy provided by section 558, including the recovery of underpaid wages, is a civil penalty"); *Velasco v. Mis Amigos Meat Mkt., Inc.,* Case No. 2:08-cv-0520-TLN-EFB PS, 2013 WL 5755054, at *10 (E.D. Cal. 2013) (addressing plaintiff's Section 226.7 and 512 labor claims, "The Labor Code specifically provides for such civil penalties for violation of its provisions asserted as claims in this action.").

[42] Neither party argues that penalties in Section 226.7(c) preclude recovery for Section 512 violations under Section 2699(f), so the court does not reach that issue.

10
Case No. 5:14-cv-02474-PSG
ORDER GRANTING MOTION TO DISMISS IN-PART

## IV.  CONCLUSION

Costco's motion to dismiss is GRANTED except as to Ruelas's claims related to Sections 512 and 2699(f).  Because the court is not yet persuaded that no amendment could save the claims dismissed, the court grants Ruelas leave to amend.  Any amended complaint shall be filed no later than September 22, 2014.

**IT IS SO ORDERED.**

Dated: September 8, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

Case No. 5:14-cv-02474-PSG
ORDER GRANTING MOTION TO DISMISS IN-PART

11