1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

10

**NORTHERN DISTRICT OF CALIFORNIA**

11

**SAN JOSE DIVISION**

12

| | | |
|---|---|---|
| NOE RUELAS, | ) | Case No. 5:14-cv-02474-PSG |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION FOR** |
| v. | ) | **JUDGMENT ON THE PLEADINGS** |
| | ) | |
| COSTCO WHOLESALE CORPORATION, et al., | ) | **(Re: Docket No. 28)** |
| | ) | |
| Defendants. | ) | |

13
14
15
16
17

18          California's Private Attorneys General Act of 2004 ("PAGA") permits private enforcement

19   of Labor Code violations when the Labor Code does not otherwise specifically provide a civil

20   penalty.[1]  Labor Code Section 226.7(b) prohibits any requirement that employees work during a

21

---

22   [1] *See* Cal. Lab. Code. § 2699(f) ("For all provisions of this code except those for which a civil
23   penalty is specifically provided, there is established a civil penalty for a violation of these
     provisions, as follows: (1) If, at the time of the alleged violation, the person does not employ one or
24   more employees, the civil penalty is five hundred dollars ($500).  (2) If, at the time of the alleged
     violation, the person employs one or more employees, the civil penalty is one hundred dollars
25   ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars
     ($200) for each aggrieved employee per pay period for each subsequent violation.  (3) If the
26   alleged violation is a failure to act by the Labor and Workplace Development Agency, or any of its
     departments, divisions, commissions, boards, agencies, or employees, there shall be no civil
27   penalty.").

28

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

meal or rest or recovery period.[2]  Section 512 prohibits any requirement that employees work for extensive periods of time without a meal period.[3]  Section 558, which provides penalties for Section 512 violations, does not, however, include penalties for meal-period violations.[4]  But Section 226.7(c)—enacted along with Section 226.7(b), after Sections 512 and 558 were enacted— provides penalties "if an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."[5]

　　　　Plaintiff Noe Ruelas argues that Section 226.7(c) penalties do not apply to Section 512 meal-period violations, so that he may pursue a claim under PAGA.[6]  Defendant Costco Wholesale Corporation disagrees, arguing that because Section 226.7(c) penalties do cover Section 512 meal-

---

[2] *See* Cal. Lab. Code. § 226.7(b) ("An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.").

[3] *See* Cal. Lab. Code. § 512(a) ("An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.  An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.").

[4] *See* Cal. Lab. Code. § 558 (providing civil penalties for hour and wage violations).

[5] *See* Cal. Lab. Code § 226.7(c) ("If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the mal or rest or recovery period is not provided").

[6] *See* Docket No. 29.

2

Case No. 5:14-cv-02474-PSG
ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

period violations, PAGA does not apply.  Based on the applicable legislative history, the court

agrees with Costco and GRANTS Costco's motion for judgment on the pleadings.

## I.

Under Fed. R. of Civ. P. 12(c), after the pleadings are closed but early enough not to delay

trial, a defendant may move for judgment on the pleadings.  The standard for dismissing claims

under Rule 12(c) is "functionally identical" to the Rule 12(b)(6) standard, set forth in *Ashcroft v.*

*Iqbal.*[7]  A Rule 12(c) motion should be granted when the face of the pleadings demonstrates there

is no material issue of fact and that judgment can be entered as a matter of law.[8]

Ruelas worked with Costco for nearly seven years until he was fired.  Costco frequently

failed to provide employees like Ruelas meal periods, although for each meal-period violation,

Costco paid the employees an extra hour of pay as required under Section 226.7(c).  Not satisfied,

Ruelas filed this suit requesting, among other things, additional penalties under PAGA for Section

512 meal-period violations.  This court dismissed with leave to amend everything but the present

claim, which Costco did not include in its motion to dismiss.[9]  Ruelas did not file an amended

complaint.

## II.

This court has jurisdiction under 28 U.S.C. § 1331.  The parties have consented to

magistrate judge jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[10]

---

[7] *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055, n.4 (9th Cir. 2011) ("Although *Iqbal* establishes the standard for deciding a Rule 12(b)(6) motion, we have said that Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and that 'the same standard of review' applies to motions brought under either rule.").

[8] *See Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990).

[9] *See* Docket No. 20.

[10] *See* Docket Nos. 7, 10.

Case No. 5:14-cv-02474-PSG
ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## III.

The Enrolled Bill Report for AB 2509, the statute establishing Section 226.7(c) penalties, explains that Section 226.7(c) payments for meal-period violations were created because "[n]either Labor Code § 512 [or § 558] nor the IWC orders contain penalties for violation of [meal-period provisions]."[11]  The timing of the passage of Section 226.7(c) and the Report's reference to Section 512 clarifies that Section 226.7(c) was intended to cover Section 512 violations.  Further, the payment under 226.7(c) was intended to be a penalty to encourage employer compliance with the meal-period laws.[12]  Section 226.7(c) therefore precludes the creation of a civil penalty for Section 512 meal-period violations under Section 2699(f).

Ruelas presents four arguments to the contrary, none of which is persuasive.

*First*, Ruelas asserts that because the California Supreme Court has held that the payment of an additional hour of pay does not excuse a meal period statute violation,[13] Section 226.7(c) is

---

[11] Form DF-43, Department of Finance Enrolled Bill Report Deferred to Department of Industrial Relations, Bill No. AB 2509, at 9 ("Adding a penalty component to the Labor Code will support the underlying purpose of meal periods by encouraging employers to comply with the meal period provisions. Without the proposed provisions there is no effective enforcement of current law.").

[12] *See* Initial Statement of Reasons for Cal. Code. Regs. Tit. § 13700 (Proposed Draft 2004).  *See also Home Depot U.S.A., Inc. v. Superior Court*, 191 Ca. App. 4th 210, 223-24 (2010) (explaining PAGA's purpose: "Labor Code violations rarely result in criminal investigations and prosecutions [and] employers may violate the law with impunity…. [P]rivate actions to enforce the Labor Code are needed because LWDA simply does not have the resources to pursue all of the labor violations…. The bill would authorize civil penalties for any Labor Code violation currently lacking a specific penalty provision and authorizes aggrieved employees to bring private civil actions against employers.") (quoting Assem. Com. on Appropriations, Bill Analysis, Sen. Bill No. 796 (2003-04 Regular Session), as amended July 16, 2003, at 2).

[13] *See Kirby v. Imoos Fire Protection, Inc.*, 53 Cal. 4th 1244, 1256-1258 (2012) ("The 'additional hour of pay' provided for [in Section 226.7(c)] is the legal remedy for a violation of [Section 226.7(b)], but whether or not it has been paid is irrelevant to whether section 226.7 was violated. In other words, section 226.7 does not give employers a lawful choice between providing *either* meal and rest breaks *or* an additional hour of pay.  An employer's failure to provide an additional hour of pay does not form party of a section 226.7 violation, and an employer's provision of an additional hour of pay does not excuse a section 226.7 violation.").

4

not the applicable penalty statute, thus triggering the creation of penalties under Section 2699(f).[14]
But *Kirby* does not preclude 226.7(c) penalties for Section 512 violations—instead, *Kirby* clarifies
that 226.7(c) penalties do not wipe clean meal-period violations.  For example, an employee could
still sue for wrongful termination if his employer fired him for complaining about denied meal
periods, even if the employer had paid the employee an hour of pay for each missed meal period.[15]
An employer also could face criminal penalties for denying meal periods, even if the employer had
paid an hour of pay for each missed meal period.[16]

   ***Second***, Ruelas argues PAGA penalties are paid to the state, so Section 226.7(c) penalties
paid to the employee do not preclude recovery under PAGA.[17]  Section 2699(f), however, provides
no basis to distinguish between penalties that employees recover and those that the Labor
Commissioner recovers.  Section 226.7(c) penalties, also recoverable by the Labor Commissioner,
specifically provide for meal-period violations.  Section 226.79(c) penalties thus preclude the
creation of penalties, paid to an employee or to the Labor Commissioner, under Section 2699(f).[18]

   ***Third***, Ruelas contends the state is harmed when an employer violates meal-period
provisions, because even though an employee might receive extra pay, public health and safety still

---

[14] *See* Docket No. 29 at 3.

[15] *See, e.g., Phillips v. Gemini Moving Specialists,* 63 Cal. App. 4th 563, 574 (1998) (plaintiff
asserted a valid claim for wrongful termination by alleging he was fired for asserting his right to
receive earnings free from a setoff forbidden by the Labor Code).

[16] *See, e.g.,* Lab. Code § 553 ("Any person who violates this chapter [which includes Section 512]
is guilty of a misdemeanor."); *cf. Singletary v. Teavana Corp.*, Case No. 5:13-cv—01163-PSG,
2014 WL 1760884, at *4 (N.D. Cal. Apr. 2, 2014) (explaining that when "the wrong at issue in
Section 226.7 is the non-provision of [meal or] rest breaks," the case falls under *Kirby's*
"characterization of Section 226.7's payment as penalties").

[17] *See* Docket No. 29 at 4.

[18] *See Singletary*, 2014 WL 1760884, at *4.

United States District Court
For the Northern District of California

5

Case No. 5:14-cv-02474-PSG
ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS

United States District Court
For the Northern District of California

are jeopardized.[19]   Even if this argument were relevant to statutory interpretation, Ruelas still does not establish that Section 226.7(c) penalties do not promote public health and safety.[20]

**Fourth**, Ruelas argues that PAGA must be construed liberally.[21]   But imposing a penalty under Section 226.7(c) and PAGA might inspire employers not to comply with Section 226.7(c) at all.[22]   According to legislative history, the purpose of Section 226.7(c) was to enforce meal-period violations under Sections 226.7(b) and 512.[23]   For the issue at hand, the purpose of Section 2699(f) is to provide relief for those provisions where no penalties were already provided in the statute. The penalties required in Section 226.7(c) satisfy the purposes of the statute as to meal-period violations.   Section 2699(f) simply does not come into play.

## IV.

Costco's motion for judgment on the pleadings is GRANTED.   Ruelas may amend his complaint as to the issue of recovery for violation of Section 512 alone no later than April 8, 2015.[24]

---

[19] *See* Docket No. 29 at 4.

[20] *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094, 1106 (1997) ("Concerned with the health and welfare of employees, the IWC issued wage orders mandating the provision of meal and rest periods in 1916 and 1932, respectively. . . .   In 2000, due to a lack of employer compliance, the IWC added a pay remedy to the wage orders, providing that employers who fail to provide a meal or rest period 'shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day' that the period is not provided."); *id.* at 1109-10 ("IWC Commissioner Barry Broad described the remedy as a 'penalty,' explaining that it was needed to help force employers to provide meal and rest periods."); *id.* at 1110 (finding Section 226.7(c) penalties act "as an incentive for employers to comply with labor standards."); *id.* at 1114 (holding Section 226.7(c) has a "behavior-shaping function.").

[21] *See* Docket No. 29 at 4.

[22] *See* Docket No. 32 at 7.

[23] Form DF-43, Department of Finance Enrolled Bill Report Deferred to Department of Industrial Relations, Bill No. AB 2509, at 9.

[24] *See Harris v. County of Orange*, 682 F.3d 1126, 1134 (9th Cir. 2012) (reversing the district court for granting defendant's Rule 12(c) motion for judgment on the pleadings and not granting

6

**SO ORDERED.**

Dated: March 25, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

plaintiffs' leave to amend); *see also Moran v. Peralta Community College Dist.*, 825 F. Supp. 891, 893 (N.D. Cal. 1993) ("Courts have discretion to grant leave to amend in conjunction with 12(c) motions, and may dismiss causes of action rather than grant judgment.") (citing *Amersbach v. City of Cleveland*, 598 F.2d 1033, 1038 (6th Cir. 1979); *Carmen v. San Francisco Unified School Dist.*, 982 F.Supp. 1396, 1401 (N.D. Cal. 1997) (same).

7

Case No. 5:14-cv-02474-PSG
ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS